IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NORMA-GAYLE SHAW, Secured Party Creditor, | ) )  ) | Case No. CV-09-40-S-BLW |
| Plaintiff, | ) ) | CASE MANAGEMENT ORDER |
| v. | ) ) | Track:  (**Expedited**) |
| LEHMAN BROS BANK, FSB; RICHARD S. FULD, CEO; AURORA LOAN SERVICES, LLC; PITE/DUNCAN; PETER J. SALMON; LAUREL I. HANDLEY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

NOW THEREFORE IT IS HEREBY ORDERED, that the following

recitation of deadlines and procedures shall govern this litigation:

1.    <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by

**July 17, 2009**. This deadline will **not** be extended even if you are having discovery

disputes.

     a.    This is the critical event for case management and will

        dictate when the trial will be set.

     b.    As provided below, a trial setting conference will be

        scheduled immediately following resolution of all

**Case Management Order -- 1**

dispositive motions.  To facilitate a prompt trial setting, I will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument.  If a decision is not issued within this time frame, I invite inquiry from counsel as to the status of the decision.

2.     <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **<u>April 10, 2009</u>**. This deadline shall only be extended for good cause shown.[1]  All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target.  Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

3.     <u>Discovery Plan</u>: **<u>Defendants' counsel will attempt to meet and</u>**

---

[1]  The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of  Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

**Case Management Order -- 2**

**confer with Plaintiff ref a discovery plan**.

4.    Completion of Discovery:  All discovery will be completed by **June 19, 2009**.  This is a deadline for the completion of all discovery; it is not a deadline for discovery requests.  Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.  The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after I have ruled on any dispositive issues.

5.    Disclosure of Experts:

    a.    The Plaintiff shall disclose the experts intended to be called at trial on or before **April 17, 2009**.

    b.    The Defendant shall disclose the experts intended to be called at trial on or before **May 15, 2009**.

    c.    All rebuttal experts shall be identified on or before **May 29, 2009**.

6.    Rules Governing Disclosure of Expert Witnesses:  Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b).  Supplementation to the expert witness report shall be done in

**Case Management Order -- 3**

accordance with Fed. R. Civ. P. 26(e)(1).  Pursuant to Local Rule
26.2(b), expert witnesses will not be allowed to offer any opinion not
disclosed in the mandatory Rule 26 disclosures, supplementation, or
deposition.  This includes rebuttal experts.  No undisclosed expert
rebuttal opinion testimony will be allowed at trial.

7.    <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel shall
contact In-Court Deputy LaDonna Garcia within one week following
the entry of a decision on all pending dispositive motion to make
arrangements for a telephone scheduling conference between counsel
and me in which the trial and pretrial conference shall be set.  If no
dispositive motion is filed, Plaintiff's counsel shall immediately
contact Ms. Garcia within one week of the dispositive motion filing
deadline to set a telephone scheduling conference.

8.    <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

a.    I will **<u>not</u>** refer this case to a magistrate judge for resolution of
discovery disputes and non-dispositive motions.  I will keep these
motions on my own docket.

b.    The parties will strictly comply with the meet and confer requirements
of Local Rule 37.1 prior to filing any discovery motions.

**Case Management Order -- 4**

c.     Prior to filing any discovery motions, the parties must certify, not only

that they have complied with Local Rule 37.1, but that they have

complied with the foregoing procedures.

9.     <u>Calendaring Clerk</u>:  With regard to any scheduling matters or calendar

issues, please contact my deputy clerk, LaDonna Garcia at (208) 334-

9021.

10.    <u>Docketing Clerk</u>:  The Docketing Clerk assigned to this case is Jill

Macdonald who can be reached at (208) 334-1992.

DATED:  **March 11, 2009**

B. LYNN WINMILL
Chief Judge
United States District Court

**Case Management Order -- 5**