IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORMA-GAYLE SHAW,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>LEHMAN BROS BANK, FSB; RICHARD S. FULD; AURORA LOAN SERVICES, LLC; PITE/DUNCAN; PETER J. SALMON; LAUREL I. HANDLEY,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br><br><br><br><br>Case No. CV-09-40-S-BLW[1] |

## I. INTRODUCTION

Defendants move the Court to dismiss Plaintiff's cause of action pursuant to Rules 8, 9 and 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 17). The Court also has before it Defendants' Motion to Strike Plaintiff's "Affidavit of Fact" (Docket No. 20), and Plaintiff's Motion for Order Compelling Answers to Amended Interrogatories, Motion to Strike Frivolous Answers,

---

[1] Honorable Ted Stewart, District Judge for the District of Utah, sitting by special designation.

and Motion to Strike Motion to Dismiss (Docket No. 26). The Court will treat Plaintiff's Motion as a response to Defendant's Motion to Dismiss.

After reviewing the respective filings, the Court will grant Defendant's Motion to Dismiss. Because the Court will grant Defendants' Motion to Dismiss, the Court will deny Defendants' Motion to Strike and Plaintiff's Motion as moot.

## II. BACKGROUND

Plaintiff Norma-Gayle Shaw, appearing before the court pro se, alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq ("RICO"). According to Plaintiff's complaint, Defendant Lehman Bros. Bank, FSB ("Lehman") manufactured evidence of indebtness to unlawfully extort property from her. As a result of these actions, she asserts she has suffered harm and is entitled to relief.

Plaintiff fails to provide any factual details as to the nature of her indebtedness to Lehman. The Court will take judicial notice[2] of the facts and findings entered by the Court in a previous case filed by Plaintiff against Defendants ("the First Case").[3] Plaintiff obtained a mortgage loan from Lehman to purchase her residence. Aurora Loan Services, LLC ("Aurora") is the servicer of the

---

[2]*Emrisch v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (noting that, in deciding a motion to dismiss, a court may take judicial notice of "matters of general public record" without converting the motion to one for summary judgment) (citation omitted).

[3]Defendants have provided the order dismissing Plaintiff's previous case, *Shaw v. Lehman Bros Bank, FSB*, CV-08-406-S-BLW (D. Idaho 2009). *See* Docket No. 19, Ex. A.

2

loan.[4] The loan is evidenced by a Promissory Note of $167,600.00 secured by a Deed of Trust on Plaintiff's residence.[5]

Plaintiff defaulted on her loan payments. Following notice of foreclosure, Plaintiff brought a complaint against Lehman and Aurora asserting that she had previously rescinded the loan under the Truth In Lending Act ("TILA") and that she was entitled to the property under the doctrine of adverse possession. Her complaint in the First Case was dismissed with prejudice for failure to state a claim.[6]

Although her present complaint is unclear, it appears that Plaintiff is asserting a RICO violation against Lehman and others for sending her mailings concerning her defaulted mortgage. According to Plaintiff, the mortgage obligation was manufactured by Lehman and the mailings demanding payment are a fraudulent attempt to extort her property. Defendants move to dismiss these claims pursuant to Rules 8, 9 and 12(b)(6) of the Federal Rules of Civil Procedure.

### III. STANDARD OF REVIEW

A motion to dismiss "tests the legal sufficiency of the claim."[7] In evaluating a motion to dismiss, "the court accepts all factual allegations in the complaint as true and draws all reasonable

---

[4]*Id.* at 2.

[5]*Id.*

[6]*Id.* at 3.

[7]*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal quotation marks and citation omitted).

3

inferences in favor of the plaintiff."[8] "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."[9]

When the court evaluates a pro se complaint, "the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt."[10] Notwithstanding this more lenient review, "a pro se's party status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] The court is not allowed to "supply essential elements of the claim that were not initially pled."[12]

## IV. ANALYSIS

### A. RULE 8(a)(2)

Under Federal Rules of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this is a fairly liberal standard, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[13] To withstand a motion to dismiss, a complaint must "contain sufficient factual matter  . . . to state a claim to relief that is plausible on its face."[14] Although the

---

[8]*Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

[9]*Navarro*, 250 F.3d at 732.

[10]*Wanxia LIAO v. Ashcroft*, No. C 08-2276 PJH, 2009 WL 636116, *2 (N.D. Cal. 2009).

[11]*Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D. Nev. 2002).

[12]*Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[13]*Ashcroft v. Iqbal*, 566 U.S. __, 2009 WL 1361536, *12 (2009) (internal quotation marks and citations omitted).

[14]*Id*. (internal quotation marks and citations omitted).

court is to accept the allegations contained in a complaint as true, the court is not required to accept as true legal conclusions.[15]

In evaluating Plaintiff's complaint, the Court finds it devoid of any factual allegations to support Plaintiff's claims. In pleading the RICO violation against Defendants, Plaintiff offers no factual support as to how RICO was violated, how any of the Defendants were involved, or how she was injured. Plaintiff merely recites the elements of the statute and, in conclusory language, avers Defendants have violated RICO. Although Rule 8 is a rather generous pleading requirement, "it does not unlock the doors to discovery for a plaintiff armed with nothing more than conclusions."[16] Because Plaintiff's complaint offers nothing more than conclusory allegations and non-sensical arguments, the Court finds that Plaintiff's Complaint fails to satisfy the pleading requirements of Rule 8.

B. DUPLICATIVE COMPLAINT

In addition to failing to satisfy the pleading requirements of Rule 8, Plaintiff is precluded from litigating her present claims because they are duplicative to her claims in the First Case against the same defendants. "To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[17] "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action."[18] Consequently, claim

---

[15]*Id.* at *13 ("[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

[16]*Id.*

[17]*Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 687 (9th Cir. 2006).

[18]*Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988).

preclusion "applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity of parties."[19]

Whether a previous suit precludes Plaintiff from asserting the new claims against the Defendants hinges on whether the two events "are related to the same set of facts and whether they could conveniently be tried together."[20] In evaluating whether two events are so related, the court examines four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the same action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.[21]

In the case at hand, the two suits clearly arise out of the same mortgage transaction between the same parties. Although Plaintiff asserts new claims rooted in a different legal theory, both Complaints hinge on the validity or invalidity of Plaintiff's mortgage with Lehman. Without explanation, Plaintiff has attempted to assert TILA violations against Defendants in the First Case and RICO violations in the present. Having filed and lost the First Case based on the same mortgage transaction, Plaintiff has already received a final judgment on a claim arising out of the same transactional nucleus of facts. Consequently, the Plaintiff is precluded from bringing this present complaint against Defendants.

---

[19]*Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956 (9th Cir. 2002).

[20]*Adams*, 487 F.3d at 689 (internal quotation marks and citation omitted).

[21]*Id.* (internal quotation marks and citations omitted).

C. DISMISSAL WITH PREJUDICE

"Dismissal of a pro se complaint without a leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured with amendment."[22] The Court finds that even if the Court were to grant Plaintiff leave to amend in order to satisfy Rule 8, Plaintiff's claims would nonetheless be barred because of the preclusive effect of the First Case. Thus, leave to amend is futile and the Court dismisses the Complaint with prejudice.

V. ORDER

It is therefore

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 17) is GRANTED.  It is further

ORDERED that Defendants' Motion to Strike Plaintiff's "Affidavit of Fact" (Docket No. 20) and Plaintiff's Motion for Order Compelling Answers to Amended Interrogatories, Motion to Strike Frivolous Answers, and Motion to Strike Motion to Dismiss (Docket No. 26) are DENIED as moot.

DATED   May 28, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[22]*Weilburg*, 488 F.3d at 1205 (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).